## In re Valley Forge Hotel Company, etc.

*Paul Wisler*, for petitioner.
*High, Swartz, Childs & Roberts*, contra.

FORREST, J., March 10, 1953.—Under section 9 of the Act of June 25, 1937, P. L. 2063, 27 PS §434, the Attorney General of this Commonwealth petitioned the court to order the Valley Forge Hotel Company to make payment into the State Treasury, in lieu of escheating, of certain funds earmarked for payment to certan individuals listed in the exhibit attached to the petition.

This court granted a rule and on the return day of the rule the Valley Forge Hotel Company made an answer alleging as follows:

"2. Denied. It is denied that the monies listed in Exhibit A attached to the petition consists of dividends or profits, debts and interest on debts, customers' advances, tolls or deposits, which have remained unpaid and unclaimed for six or more years, under the provisions of the Act approved June 25, 1937, P. L. 2063,

as amended. It is set forth to the contrary that the said monies are not escheatable to the Commonwealth of Pennsylvania. The facts in regard to said monies are as follows:

"(a) On March 15, 1944, the stockholders of the Valley Forge Hotel Company passed a resolution directing the payment on May 31, 1944, of $2.00 per share to the holders of all of the Preferred Stock of the Company in reduction of the par value of the preferred stock from $100.00 per share to $98.00 per share. On January 17, 1945, the stockholders of the Valley Forge Hotel Company passed a similar resolution directing the payment on February 14, 1945, to said holders of preferred stock the sum of $2.00 per share, reducing the par value from $98.00 per share to $96.00 per share. Holders of the preferred stock obtained said payments in reduction of their capital investment by presenting their certificates to the Treasurer of the Valley Forge Hotel Company and having the fact of said reduction of $2.00 per share stamped on the face of said certificates. Said payments did not constitute dividends because, at the time of said payments the statement of the Valley Forge Hotel Company showed a deficit and, under the law of the Commonwealth of Pennsylvania, the Company was not permitted to pay dividends to its stockholders. Also the monies paid out were not paid out of profits but out of depreciable assets. Said monies admittedly held by the Valley Forge Hotel Company for some of its preferred stockholders do not consist 'of dividends or profits, debts or interest on debts, customers' advances, tolls or deposits'."

The Valley Forge Hotel Company, in its answer, set forth a schedule of payments on certain dates to certain payees of certain sums.

There not having been any further pleadings, it can be assumed that the facts alleged by defendant in its

answer, as immediately above set forth, can be assumed to be correct.

Under this set of facts the question arises as to whether the court should make an order directing the Valley Forge Hotel Company to make payment into the treasury of these items.

The Commonwealth is not only willing to accept but is also desirous of accepting these funds; it has the facilities to handle them, and the stockholders will benefit to the extent of two percent per annum as long as the Commonwealth holds the same. On the other hand, the Valley Forge Hotel Company has no further interest in the funds except to see that the proper parties receive them and is the stakeholder of these funds. The act should therefore be interpreted, if at all possible, to the end that the funds be ordered paid into the State Treasury.

Approaching the question with this attitude we do not have too much difficulty in determining that these items come within the purview of the definition of "debt" as that term is defined in section 2 of the act as follows:

" 'Debt.' The word debt shall include only such debts as are formally created and of the type, ownership to which is evidenced by written or printed securities having definite maturities, interest rates, places and times of payment, such as mortgages, bonds, notes, equipment-trust certificates and debentures."

Consequently, in accordance with section 9 of this act an order should be directed to the Valley Forge Hotel Company to turn over to the State Treasury the funds included in the exhibit to the petition with the exception of:

| | |
|---|---:|
| October 7, 1952—Anna Rambo Burke | $24.00 |
| December 17, 1952—Elizabeth S. G. Harper | 8.00 |
| August 8, 1952—Iszetta B. Kneas and Wilda Kneas, trustees | 80.00 |
| June 24, 1952—Lewis Lesegang | 40.00 |
| June 24, 1952—Rev. John H. McMullin | 24.00 |

And now, March 10, 1953, the Valley Forge Hotel Company is ordered and directed to pay into the State Treasury to the credit of the Commonwealth of Pennsylvania the funds listed in exhibit A of the petition except for the following:

October 7, 1952—Anna Rambo Burke............ $24.00
December 17, 1952—Elizabeth S. G. Harper....... 8.00
August 8, 1952—Iszetta B. Kneas and Wilda Kneas,
    trustees ................................... 80.00
June 24, 1952—Lewis Lesegang ................ 40.00
June 24, 1952—Rev. John H. McMullin.......... 24.00

Provided, however, that these funds shall not be considered to be escheated and provided further that these funds shall be refunded by petition to the Board of Finance and Revenue according to the provisions of the Act of June 25, 1937, P. L. 2063, 27 PS §434.